JAN 2 2020 PM 2:24
FILED-USDC-CT-NEW HAVEN

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

Grand Jury N-19-2

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL NO. 3:20 cr 3 (VAB) |
| v. | VIOLATIONS: 18 U.S.C. § 1001 (False Statements) |
| LUIS F. ESTRADA | 18 U.S.C. § 1519 (Falsification of Records in Federal Investigation) |

INDICTMENT

The Grand Jury charges:

General Allegations

At all times relevant to this Indictment:

1.      The defendant, LUIS F. ESTRADA ("ESTRADA"), was the sole owner of a construction company named L.L.E. Construction, LLC ("L.L.E. Construction" or "LLE Construction"), which was incorporated in the State of Connecticut.  ESTRADA has owned L.L.E. Construction since approximately 2010.

2.      The Occupational Safety and Health Administration ("OSHA") was an administrative agency within the United States Department of Labor, a governmental agency under the executive branch of the United States Government.  OSHA ensured the safe and healthful working conditions for workers by setting and enforcing safety standards.

3.      On or about February 13, 2018, L.L.E. Construction, entered into a written contract to perform roof repairs and other construction services at a property located at 2212 Main Street in Bridgeport, Connecticut ("2212 Main Street") with P.T., an individual known to the Grand Jury, who was the owner of 2212 Main Street.  The contract was on L.L.E. Construction letterhead and signed by ESTRADA and P.T.

4.     In connection with the roof repairs and other construction services being performed by L.L.E. Construction at 2212 Main Street, P.T. provided ESTRADA with three checks dated February 26, 2018, March 3, 2018 and March 6, 2018, which totaled $11,000, and which ESTRADA deposited into L.L.E. Construction's business checking and merchant bank accounts.

5.     On or about March 1, 2018, a compliance officer with OSHA, in performing his duties, visited 2212 Main Street and observed what he believed to be various safety infractions by construction workers who were servicing the roof repairs. The officer initiated an on-site inspection into the suspected infractions. ESTRADA was not present at 2212 Main Street at the time, but spoke to the compliance officer by mobile phone.

6.     On or about May 22, 2018, OSHA compliance officers served ESTRADA, as the owner of L.L.E. Construction, a subpoena duces tecum pursuant to the ongoing investigation into the suspected infractions at 2212 Main Street. The subpoena demanded documents and records related to L.L.E. Construction's work at 2212 Main Street for the period between February 1, 2018 and March 31, 2018. The subpoena defined this work at 2212 Main Street as the "LLE Roofing Project."

7.     On or about July 30, 2018, ESTRADA hand-delivered a written response to the subpoena, along with alleged supporting documents, to an OSHA employee at the OSHA offices in Bridgeport, Connecticut. ESTRADA's written response was dated July 27, 2018 and stated, in relevant part, that "[t]here are no documents concerning the 'LLE Roofing Project;'" that he "did not do any work for the 'LLE Roofing Project;'" that "[t]here is no payroll because [he] did not work on the 'LLE Roofing Project;'" and that he "do[es] not have any contract or any documents regarding the 'LLE Roofing Project.'"

<u>COUNT ONE</u>
(False Statements)

8.      Paragraphs 1 through 7 are incorporated by reference.

9.      On or about July 30, 2018, in the District of Connecticut, the defendant LUIS

F. ESTRADA did willfully and knowingly make a materially false, fictitious, and fraudulent

statement and representation in a matter within the jurisdiction of the executive branch of

the Government of the United States, that is, the United States Department of Labor, OSHA,

by providing a written letter dated July 27, 2018 in response to a subpoena duces tecum

issued by OSHA, in which ESTRADA stated: that he "did not do any work for the 'LLE

Roofing Project;'" that "[t]here is no payroll because [he] did not work on the 'LLE Roofing

Project;'" and that he "do[es] not have any contract or any documents regarding the 'L.L.E.

Roofing Project.'"  The statements and representations were false, fictitious, and fraudulent

because, as ESTRADA then and there knew, (a) L.L.E. Construction worked on the L.L.E.

Roofing Project; (b) L.L.E. Construction received payments for its work on the L.L.E.

Roofing Project and records of those payments existed; and (c) L.L.E. Construction entered

into a contract with P.T. to perform work on the L.L.E. Roofing Project at 2212 Main Street

and this written contract existed.

In violation of Title 18, United States Code, Section 1001(a)(2).

## COUNT TWO
(Falsification of Records in Federal Investigation)

10.     Paragraphs 1 through 7 are incorporated by reference.

11.     On or about July 30, 2018, in the District of Connecticut, the defendant LUIS

F. ESTRADA, with the intent to impede, obstruct, and influence the proper administration

of an ongoing OSHA investigation, an investigation within the jurisdiction of the

Department of Labor, a department of the United States, did knowingly conceal, cover up,

falsify, and make a false entry in his letter, dated July 27, 2018, submitted to OSHA in

response to a subpoena duces tecum dated May 22, 2018, as follows:

(a)  In response to a request number 5 from OSHA for a "list of each LLE

employee and subcontractor who worked on the LLE Roofing Project, to include:

employee name, work title, address, and telephone number, or if such a list does

not exist, document(s) sufficient to show the foregoing," he knowingly and

fraudulently stated that he "did not do any work for the 'LLE Roofing Project;'"

(b)  In response to a request number 9 from OSHA for "[d]ocuments sufficient

to show any LLE policies regarding fall hazard and/or fall protection in effect in

regard to the "LLE Roofing Project," he knowingly and fraudulently stated that he

"did not do any work for the 'LLE Roofing Project;'"

(c)  In response to a request number 10 from OSHA for "[d]ocuments sufficient

to show any LLE safety and health programs in effect regarding the LLE Roofing

Project," he knowingly and fraudulently stated that he "did not do any work for the

'LLE Roofing Project'"; and

(d)  In response to a request number 11 from OSHA for "[a]ll documents

concerning fall hazard and/or fall protection received by any of the [LLE employees

4

or subcontractor employees who worked on the LLE Roofing Project]," he knowingly and fraudulently stated that he "did not do any work for the LLE Roofing Project."

In violation of Title 18, United States Code, Section 1519.

A TRUE BILL

/s/

FOREPERSON

UNITED STATES OF AMERICA

LEONARD C. BOYLE
FIRST ASSISTANT UNITED STATES ATTORNEY

MARGARET M. DONOVAN
ASSISTANT UNITED STATES ATTORNEY